C O P Y


Honorable L. D. Ratliff, Jr.
County Attorney
Dickens County
Spur, Texas

Dear Sir:                    Opinion No. 0-3138
                             Re:  Compensation of the county
                                  judge for presiding over
                                  the Commissioners' Court.

        Your recent request for an opinion of this depart-
ment on the above stated subject has been received.

        We quote from your letter as follows:

        "The County Judge of Dickens County, Texas
has requested me to secure from your Department
an opinion concerning his compensation for pre-
siding over the Commissioner's Court, and he
has prepared, and I hand you herewith, a brief
on this question.

        "For your information I have a copy of
your opinion No. 0-1017."

        Your brief reads as follows:

        "Please give us an opinion of the following
statement of acts:

        "Dickens County is a county of _____
(7,864--parenthesis ours) population ac-
cording to the census of 1940, and its officers
are paid on a fee basis.  Is the county
judge thereof, who receives a salary of
$160.00 per month for the county, entitled
to additional compensation for each day that

he actually serves as chairman of the Commissioners' Court thereof?

"Section 3 of Article 3926, R. C. S. as amended, reads as follows:

"'For presiding over the Commissioners' Court, ordering elections and making returns thereof, hearing and determining civil causes, if any, and transacting all other official business not otherwise provided for, the County Judge shall receive such salary from the County Treasury as the Commissioners' Court may allow him by order, payable monthly from the general funds of the county, provided, that in counties having $290,000,000.00 assessed valuation, or more, and which have established therein institutions for the care of both dependent and delinquent boys and girls, the County Judge shall receive as ex-officio salary, not to be accounted for as fees of office, and in addition to all amounts allowed under the Maximum Fee Bill, the further sum of $3,000.00 per annum, payable monthly out of the general funds of the county.'

"We are well aware of your opinion <u>No. O-1017</u> which states that the County Judge of Willacy County, who was receiving $195.00 per month ex-officio, was not entitled to an additional fee for presiding over the Commissioners' Court.

"It is to be observed however that in the case of Willacy County the County Judge would receive in ex-officio the sum of $2380 per year which is only $20.00 less than the total of $2400.00 provided for in Article 3883, Sec. 1, R. C. S. as amended. WHEREAS the County Judge of Dickens County will receive in ex-officio only $1920 for the year and his fees of office together with the ex-officio will not net him $2400.00, therefore the situation

in Dickens county is different from that in Willacy County.

"Article 3926, referred to above, reads and can be interpreted the same as Article 2450, R. C. S., 1895, which statute was construed, and the same question raised in that case as is now under consideration. In that case and construction, namely, Farmer, County Treasurer vs. Shaw, 93 Texas Reports 438-445, Chief Justice Gaines held that the County Judge is entitled to additional compensation for presiding over the Commissioners' Court, etc. As far as we can tell this case has never been overruled, and in spite of the fact that the reading of the statute has been changed some, no material alteration has been made and the construction is similar as to the point under consideration. It is our opinion therefore that the rule laid down by Chief Justice Gaines in Farmer, County Treasurer vs. Shaw, should apply to Dickens County and that the opinion of your Department Numbered O-1017 is not in conflict because of the exorbitant ex-officio salary allowed in the case of Willacy County."

Article 3895, Vernon's Annotated Civil Statutes, reads as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for

> ex officio services allowed shall not in-
> crease the compensation of the official
> beyond the maximum compensation and excess
> fees allowed to be retained by him under
> this chapter. Provided, however, the ex-
> officio herein authorized shall be allowed
> only after an opportunity for a public
> hearing and only upon the affirmative
> vote of at least three members of the Com-
> missioners' Court."

The only statute now in force referring directly to compensation for a county judge presiding over the Commissioners' Court is subdivision 3, Article 3926, supra.

We have carefully considered the case of Farmer v. Shaw, 93 Tex. 438, 54 S. W. 772, 55 S. W. 1115, but do not think that this case governs or controls the question here involved.

In the above mentioned case the court had under consideration Articles 2450 and 2466, R. S. 1895, Article 2450, which authorized the Commissioners' Court to allow the county judge a salary for ex officio services, read as follows:

> "For presiding over the commissioners
> court, ordering elections and making returns
> thereon, hearing and determining civil causes,
> and transacting all other official business
> not otherwise provided for, the county judge
> shall receive such salary from the county
> treasurer as may be allowed him by order of
> the commissioners court."

Article 2466 read as follows:

> "Each county commissioner, and the county
> judge when acting as such, shall receive from
> the county treasurer, to be paid on order of
> the commissioners court, the sum of three
> dollars for each day he is engaged in holding
> a term of the commissioners court, but such
> commissioners shall receive no pay for hold-
> ing more than one special term of their court
> per month."

In discussing the two above mentioned statutes, the court said:

". . .We do not think there is a conflict between these two statutes, and it is apparent to us that the purpose was to allow the county judge an extra compensation as presiding officer of the commissioners court, and that by virtue of article 2466, he should receive compensation as a member of the commissioners court. That article expressly includes the county judge as entitled to three dollars a day as compensation when he is engaged in holding a term of court. By virtue of the constitution and the statutes thereunder, he is made a member of the commissioners court and the purpose of the law evidently was to entitle him to compensation for the same services rendered by other commissioners, and additional compensation for presiding over that body. The legislature evidently thought the county judge, as the presiding officer, was burdened with more duties when sitting with the commissioners court than the commissioners, and the purpose was evidently, by article 2450, to allow him some compensation for these extra services. Viewing the two sections of law in this way, we think they can be reconciled. . .."

At the present, we have no statute such as Article 2466, supra, specifically providing a certain compensation for the county judge when presiding over the Commissioners' Court. It is true that Article 3926, Vernon's Annotated Civil Statutes, contains, substantially, the same language as Article 2450, supra, but, as above stated, there is no statute such as Article 2466 now in force and effect. It is evident from your letter that the county officials of Dickens County are compensated on a fee basis, and in addition to the fees of office, the county judge receives an ex officio compensation of $160.00 per month. We think that Article 3895 and Article 3926, supra, must be considered together, and it must be kept in mind that it is the established law of this state that "an officer may not

claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled." 34 Tex. Jur. 511. In other words, an officer may not claim a fee for a particular service rendered unless the statute has prescribed a fixed fee for said service. This is the rule, even though the fee or compensation fixed is unreasonable or inadequate. An officer may be required by law to perform specific services or discharge additional duties for which no compensation is provided. 34 Tex. Jur. pp. 530, 531.

The $160.00 monthly ex officio compensation allowed by the Commissioners' court compensates the county judge for presiding over the Commissioners' Court, ordering elections and making returns thereof, and transacting all other official business not otherwise provided for. Therefore, you are respectfully advised that it is our opinion that the County Judge of Dickens County is not entitled to additional compensation for presiding over the Commissioners' Court.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  S. Ardell Williams
Assistant

AW:GO

APPROVED FEB. 15, 1941

S. GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE

BY S.   BWB, CHAIRMAN